IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LAWRENCE EDWARD MARTIN,**                                                    **PETITIONER**
**ADC #106491**

V.                              CASE NO. 5:18-CV-112-DPM-BD

**WENDY KELLEY, Director,**                                                       **RESPONDENT**
**Arkansas Department of Correction**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Martin may file written objections with the Clerk of Court within 14 days after the date of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, the right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Jurisdiction:**

Petitioner Lawrence Martin, an inmate in the Arkansas Department of Correction, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 3, 2018. (Docket entry #2) In his petition, Mr. Martin challenges his June, 1995 conviction by a Pulaski County, Arkansas jury of capital murder and his sentence of life imprisonment without the possibility of parole. His conviction and sentence were affirmed in a direct appeal to the Arkansas Supreme Court. *Martin v. State*, 328 Ark. 420 (1997).

In the pending petition, Mr. Martin raises the following grounds for relief: African-Americans were improperly excluded from the jury; the judge incorrectly instructed the jury on the elements of the crimes charged; his arrest warrant was based on a falsified affidavit; his appellate counsel was ineffective; and an inaccurately transcribed videotaped deposition was improperly allowed into the record. (*Id*.)

This Court lacks jurisdiction to consider the merits of Mr. Martin's petition because he has already challenged his conviction through several earlier federal habeas petitions. Mr. Martin first petitioned for habeas relief in September of 2001, raising ten claims of ineffective assistance of trial and appellate counsel. *Martin v. Norris*, No. 5:01-CV-331-SMR-JFF (#2). The claims were determined to be procedurally defaulted, and the petition was dismissed in November of 2003. (#21, # 23, #24) Both the district court and the Eighth Circuit Court of Appeals denied Mr. Martin a certificate of appealability. (#29); *Martin v. Norris*, No. 04-1023 (8th Cir. March 17, 2004). Mr. Martin unsuccessfully petitioned for rehearing before the Eighth Circuit (*Id*. (8th Cir. April 29, 2004)), and for a writ of certiorari from the United States Supreme Court. *Martin v. Norris*, 543 U.S. 843 (2004).

Mr. Martin filed a second petition for habeas relief in January of 2010. In that petition, Mr. Martin alleged that the trial judge refused to correct a perjured statement; violated his rights under the Confrontation Clause; allowed contaminated evidence from the crime scene to be introduced at trial; incorrectly instructed the jury; and impermissibly allowed the prosecuting attorney to exclude African-Americans from the jury. *Martin v. Norris*, 5:10-CV-16-JMM-BD (#2). Respondent moved to dismiss the

petition arguing that, absent permission to file a successive habeas petition, the district court lacked jurisdiction. (#9) This Court agreed and dismissed the petition. (#14, #15) Thereafter, the Eighth Circuit denied Mr. Martin's request for authorization to file a successive habeas petition. *Martin v. Hobbs*, No. 10-1888 (8th Cir. Aug. 3, 2010).

In June of 2014, Mr. Martin again petitioned the Eighth Circuit for permission to file a successive habeas petition. *Martin v. Hobbs*, No. 14-2434 (8th Cir. June 30, 2014). His petition was denied. *Id.* (8th Cir. Nov. 26, 2014). Mr. Martin petitioned for rehearing, but the petition was denied as untimely filed. *Id.* (8th Cir. March 16, 2015).

Mr. Martin's current habeas petition – his third – must be dismissed because he has not obtained permission from the Eighth Circuit to pursue a successive petition. Before Mr. Martin can be eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider a successive the petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where, as here, the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

### III.    Conclusion:

The Court recommends that Judge Marshall DENY and DISMISS, without prejudice, Lawrence Martin's petition for writ of habeas corpus (#2) for lack of jurisdiction, and that he DENY Mr. Martin's pending motion to proceed *in forma pauperis* (#1), as moot. Furthermore, Judge Marshall should deny a certificate of appealability.

DATED this 9th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE